IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TENA M. RENTFRO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 14-cv-3015 |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Tom Schanzle-Haskins (d/e 19). Judge Schanzle-Haskins recommends that Plaintiff Tina Rentfro's Motion for Summary Judgment (d/e 13) and Defendant Commissioner of Social Security's Motion for Summary Affirmance (d/e 16) be GRANTED IN PART and DENIED IN PART. Judge Schanzle-Haskins recommends that this Court AFFIRM the decision of the Commissioner that Plaintiff is not entitled to Disability Insurance Benefits under Title II of the Social Security Act and REVERSE and REMAND the decision of the Commissioner

that Plaintiff is not entitled to Supplemental Security Income Disability Benefits (SSI) under Title XVI of the Social Security Act.

Objections to the Report and Recommendation were due on or before November 9, 2015.  Neither party filed objections.

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  The Court reviews de novo any part of the Report and Recommendation to which a proper objection has been made.  Fed. R. Civ. P. 72(b)(3).  "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."  Johnson v. Zema Sys. Corp., 170 F. 3d 734, 739 (7th Cir. 1999) (also noting that a party who fails to object to the report and recommendation waives appellate review of the factual and legal questions).

Judge Schanzle-Haskins found that the Administrative Law Judge's (ALJ) decision to deny Plaintiff Disability Insurance Benefits was supported by substantial evidence.  Judge Schanzle-Haskins found that Plaintiff presented no medical evidence that was contemporaneous with the time that she was eligible for Disability

Insurance Benefits. The earliest medical evidence was from 2005, over five years after her date last insured. Judge Schanzle-Haskins next found that the ALJ failed to build the required "accurate and logical bridge from the evidence to his conclusion" regarding Plaintiff's eligibility for SSI. Judge Schanzle-Haskins found that the ALJ: (1) erroneously stated that no acceptable medical source ever assigned Plaintiff a GAF score of less than 50 because Dr. Ernst assigned Plaintiff a GAF score of 35-40 in February 2009; (2) failed to adequately address the evidence that Plaintiff requires a service dog; (3) inappropriately dismissed the opinion of Dr. Ernst as "not from an acceptable medical source" where the medical records showed that Dr. Ernst is a psychiatrist in addition to being a doctor of osteopathy; (4) failed to adequately address whether Plaintiff's panic disorder with agoraphobia constitutes a severe impairment; and (5) failed to appropriately consider the additional effect that Plaintiff's mental impairment would have on Plaintiff's functioning "in the work place" and evidence that Plaintiff got assistance in performing her work at home when making his Residual Functional Capacity assessment.

After reviewing the record, the Report and Recommendation, the parties' Motions and memoranda, as well as the applicable law, this Court finds no clear error.

**IT IS THEREFORE ORDERED THAT:**

(1)   The Report and Recommendation (d/e 19) is ADOPTED in its entirety.

(2)   Plaintiff's Motion for Summary Judgment (d/e 13) and the Commissioner's Motion for Summary Affirmance (d/e 16) are GRANTED IN PART and DENIED IN PART.   The decision of the Commissioner that Plaintiff is not entitled to Disability Insurance Benefits under Title II of the Social Security Act is AFFIRMED, and the decision of the Commissioner that Plaintiff is not entitled to Supplemental Security Income Disability Benefits under Title XVI of the Social Security Act is REVERSED and REMANDED, under Sentence Four of 42 U.S.C. 405(g), for further proceedings consistent with this Order.   THIS CASE IS CLOSED.

ENTER: June 15, 2016

FOR THE COURT:        s/ Sue E. Myerscough
                     SUE E. MYERSCOUGH
                     UNITED STATES DISTRICT JUDGE